# Illinois Official Reports

## Supreme Court

*Evanston Insurance Co. v. Riseborough*, 2014 IL 114271

| | |
|---|---|
| Caption in Supreme Court: | EVANSTON INSURANCE COMPANY, Appellee, v. GEORGE E. RISEBOROUGH *et al.*, Appellants. |
| Docket No. | 114271 |
| Filed | February 21, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The statutory six-year repose period for actions against attorneys "in the performance of professional services" is not limited to legal malpractice claims by clients and applies to claims bought by nonclients. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Allen S. Goldberg, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment affirmed. |

| Counsel on Appeal | Terry D. Weissman, Christopher D. Mickus and Sarah G. Malia, of Neal, Gerber & Eisenberg LLP, of Chicago, for appellants. |
|---|---|
| | Joseph R. Marconi, David M. Macksey and Garrett L. Boehm, Jr., of Johnson & Bell, Ltd., of Chicago, for appellee. |
| Justices | JUSTICE BURKE delivered the judgment of the court, with opinion. Chief Justice Garman and Justices Freeman, Thomas, and Karmeier concurred in the judgment and opinion. Justice Kilbride dissented, with opinion, joined by Justice Theis. |

**OPINION**

¶ 1    At issue in this appeal is whether section 13-214.3 of the Code of Civil Procedure (Code) (735 ILCS 5/13-214.3 (West 2008)), which sets forth a six-year statute of repose for "action[s] for damages based on tort, contract, or otherwise *** against an attorney arising out of an act or omission in the performance of professional services," applies to plaintiff's second amended complaint for breach of implied warranty of authority, fraudulent misrepresentation, and negligent misrepresentation. The circuit court of Cook County found that the statute of repose barred plaintiff's claims against the defendant attorneys and dismissed the complaint. The appellate court reversed and remanded for further proceedings, finding that the statute of repose did not apply to an action brought by a nonclient of the defendant for a cause of action other than legal malpractice. 2011 IL App (1st) 102660-U, ¶ 28. We reverse the appellate court's judgment and affirm the circuit court's dismissal of plaintiff's complaint.

¶ 2                              Background
¶ 3    In 1996, Kiferbaum Construction Corporation (Kiferbaum) was the general contractor for the construction of a warehouse. Two employees of a subcontractor on the project were injured at the construction site, resulting in a personal injury action filed against Kiferbaum by one of the injured workers. Kiferbaum was represented in the personal injury lawsuit by the law firm of Jacobson & Riseborough.

¶ 4    At the time of the accident, Kiferbaum was the named insured under primary and excess liability policies issued by Statewide Insurance Company (Statewide). Kiferbaum was listed as an additional insured on each of its subcontractors' insurance policies, including a $1 million excess liability policy issued by Evanston Insurance Company (Evanston), and policies issued by Steadfast Insurance Company (Steadfast) and Transportation Insurance Company (Transportation).

- 2 -

¶ 5        In 1997, Statewide filed a declaratory judgment action in the circuit court seeking a declaration that it owed no coverage under its policies. That action was pending when, in 2000, the parties reached a settlement in the personal injury case in the amount of $4,887,500. On October 23, 2000, Evanston, Steadfast, and CNA Insurance Company (as owner of Transportation) entered into an agreement, referred to by the parties as the "Fund and Fight Agreement," in which they agreed to contribute their respective policy limits to fund the settlement. In accord with the agreement, Evanston contributed $1 million, Steadfast contributed $1 million, and CNA funded the remainder of the settlement. Statewide signed the Fund and Fight Agreement but did not contribute any funds. The agreement provided, in part, that the insurers reserved the right to litigate policy and coverage defenses among themselves. Statewide and Kiferbaum also agreed to reimburse the contributing insurers "if defenses to coverage on behalf of any or all of these insurers are judicially found to be valid and/or that the position taken by Kiferbaum and/or Statewide, as set forth above, is invalid." George Riseborough, an attorney from Jacobson & Riseborough, signed the agreement as the "duly authorized agent and representative of Kiferbaum."

¶ 6        Pursuant to the Fund and Fight Agreement, Evanston intervened in Statewide's declaratory judgment action and filed a separate complaint against Statewide and Kiferbaum with respect to coverage issues.[1] These actions were consolidated (hereinafter referred to as the "coverage action"). Evanston alleged that Kiferbaum should have exhausted its coverage under its primary policy issued by Statewide before turning to excess insurance carriers. Evanston alleged further that, under the terms of the Fund and Fight Agreement, Kiferbaum was required to reimburse Evanston for the $1 million it contributed to the personal injury settlement. Kiferbaum asserted as a defense to Evanston's claims that it was not bound by the Fund and Fight Agreement. In support of that defense, on December 22, 2003, Kiferbaum's president, Jacob Kiferbaum, filed an affidavit stating that he had no knowledge of the agreement at the time of its creation, and that George Riseborough lacked authorization to sign the agreement on Kiferbaum's behalf.

¶ 7        Evanston reached an agreement with Statewide to settle the coverage action, whereby Statewide agreed to pay Evanston $612,500 in exchange for Evanston's release of Statewide and Kiferbaum. On December 23, 2003, the circuit court entered an agreed order of dismissal pursuant to settlement. Statewide later went into liquidation, however, and the settlement check was not honored. Evanston filed a petition to vacate the agreed order of dismissal pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)), which the circuit court granted. Evanston continued to pursue its claims against Kiferbaum, and the parties engaged in discovery and motion practice. On April 29, 2009, the circuit court granted Kiferbaum's motion for summary judgment, in part, finding that Kiferbaum did not give authority to Riseborough to sign the Fund and Fight Agreement on its behalf. On December 2, 2009, following a bench trial on the remaining issue of Kiferbaum's ratification of the Fund and Fight Agreement, the circuit court entered judgment in favor of Kiferbaum and against Evanston. Evanston did not appeal the judgment in the coverage action.

---

[1]Steadfast and Transportation (CNA) settled their claims and were dismissed from the litigation.

¶ 8    While the insurance coverage proceedings were still pending, on December 22, 2005, Evanston filed a complaint in Cook County Circuit Court against defendants Jacobson & Riseborough, and individual attorneys George E. Riseborough and Reid Jacobson. Evanston alleged breach of implied warranty of authority, fraudulent misrepresentation, and negligent misrepresentation, based on defendants' execution of the Fund and Fight Agreement on Kiferbaum's behalf without Kiferbaum's express authority. Evanston alleged that defendants' actions caused Evanston to lose the anticipated benefits of the agreement and sustain damages. Evanston later filed an amended complaint setting forth substantially the same allegations. The relief sought by Evanston included the $1 million which Evanston had contributed to the personal injury settlement, as well as attorney fees and costs incurred in its efforts to obtain relief from Kiferbaum. The circuit court dismissed both complaints without prejudice pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2008)). The court found that Evanston's claims were premature because, at the time of filing the complaints, Evanston had not established its entitlement to collect reimbursement from Kiferbaum under the terms of the Fund and Fight Agreement.

¶ 9    On December 23, 2009, after the final judgment order had been entered in the coverage action, Evanston filed its second amended complaint reasserting its claims against the Riseborough defendants. Defendants filed a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2008)). The circuit court of Cook County granted the motion to dismiss, finding the six-year statute of repose in section 13-214.3(c) (735 ILCS 5/13-214.3(6) (West 2008)) barred Evanston's claims. Evanston's motion to reconsider and to vacate the order of dismissal was denied. The appellate court reversed and remanded for further proceedings. 2011 IL App (1st) 102660-U. We allowed defendants' petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 10                                        Analysis

¶ 11   On appeal to this court, defendants argue that the appellate court failed to apply the plain language of section 13-214.3 and, instead, improperly limited the application of the statute solely to claims brought by a client against an attorney for legal malpractice. Evanston, however, asks that we affirm the appellate court and find that section 13-214.3 is inapplicable to claims by non-clients of the defendant. In the alternative, Evanston argues that, even if the statute of repose applies to its second amended complaint, its claims are not barred because (1) its original complaint was filed before the repose period and remained "pending on the docket" of the circuit court; (2) the second amended complaint related back to the original timely filed complaint; and (3) the trial court erred in dismissing the original and first amended complaints as premature.

¶ 12                                I. Statute of Repose

¶ 13   Evanston's second amended complaint was dismissed pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2008)). A motion to dismiss under section 2-619 "admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). The

circuit court's dismissal of a complaint pursuant to section 2-619 is reviewed *de novo*. *Id.* Both the interpretation of a statute and the applicability of a statute of repose to a cause of action are questions of law subject to *de novo* review. *Uldrych v. VHS of Illinois, Inc.*, 239 Ill. 2d 532, 540 (2011); *Krautsack v. Anderson*, 223 Ill. 2d 541, 553 (2006).

¶ 14    The statute of repose at issue is contained in section 13-214.3 of the Code, which is titled "Attorneys." Section 13-214.3 provides, in part:

> "(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

> (c) An action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred." 735 ILCS 5/13-214.3(b), (c) (West 2008).

¶ 15    This court's primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *DeLuna*, 223 Ill. 2d at 59. The most reliable indication of the legislative intent is the plain language of the statute itself. *Id.* The statutory language must be given its plain and ordinary meaning. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). "[W]here an enactment is clear and unambiguous a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990).

¶ 16    In contrast to a statute of limitations, which determines the time within which a lawsuit may be commenced after a cause of action has accrued, a statute of repose extinguishes the action after a defined period of time, regardless of when the action accrued. *DeLuna*, 223 Ill. 2d at 61 (citing *Ferguson v. McKenzie*, 202 Ill. 2d 304, 311 (2001)). A statute of repose is not tolled by the discovery rule. *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422-23 (1986). After the expiration of the repose period, "[t]he injured party no longer has a recognized right of action." *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 691 (1995) (citing *Rosenberg v. Town of North Bergen*, 293 A.2d 662, 667 (N.J. 1972)). A plaintiff's right to bring an action is terminated when the event giving rise to the cause of action does not transpire within the period of time specified in the statute of repose. *Id.*

¶ 17    Under section 13-214.3, an action for damages based on tort, contract, or otherwise against an attorney "arising out of an act or omission in the performance of professional services *** may not be commenced *** more than 6 years after the date on which the act or omission occurred." 735 ILCS 5/13-214.3(b), (c) (West 2008). There is no dispute that the act or omission which formed the basis for Evanston's second amended complaint was defendants' execution of the Fund and Fight Agreement, allegedly on Kiferbaum's behalf, on October 23, 2000. Evanston filed its second amended complaint on December 23, 2009. Thus, if the repose provision in section 13-214.3 applies to the complaint, it was properly dismissed as having been filed more than three years after the expiration of the six-year repose period.

¶ 18    The appellate court below determined that Evanston's claims did not arise out of professional services performed by defendants because those professional services were not performed on behalf of Evanston as defendants' client. 2011 IL App (1st) 102660-U, ¶ 28. The court first rejected Evanston's contention that the complaint set forth a claim for legal malpractice, finding that the causes of action for breach of implied warranty of authority, fraudulent misrepresentation, and negligent misrepresentation were distinct from legal malpractice. *Id.* ¶¶ 25-26. The court then held:

> "In the case at bar, following [*Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926 (S.D. Ill. 2006),] and [*Ganci v. Blauvelt*, 294 Ill. App. 3d 508 (1998)], we find that section 13-214.3(b) contemplates an attorney-client relationship. Defendants, as legal counsel for [Kiferbaum], did not provide legal representation to Evanston. In the absence of an attorney-client relationship, there is no duty owed to plaintiff by the defendant attorneys. *Kopka v. K[a]mensky & Rubenstein*, 354 Ill. App. 3d 930, 934-35 (2004). As such, a plaintiff cannot bring suit against an attorney in the 'performance of their professional services' unless there was a [*sic*] attorney-client relationship in which the defendants owed a duty to the complaining party. We hold that section 13-214.3(b) is unambiguous. We conclude that 'professional services' contemplates an action where a client brings suit against his or her attorney arising out of an attorney-client relationship." *Id.* ¶ 28.

¶ 19    The appellate court's conclusion that section 13-214.3 applies only to a claim asserted by a client of the attorney is contrary to the plain language expressed in the statute. There is nothing in section 13-214.3 that requires the plaintiff to be a client of the attorney who rendered the professional services. The statute does not refer to a "client" nor does it place any restrictions on who may bring an action against an attorney. The statute simply provides that an action for damages against an attorney "arising out of an act or omission in the performance of professional services" is subject to the six-year repose period. Thus, under the express language of the statute, it is the nature of the act or omission, rather than the identity of the plaintiff, that determines whether the statute of repose applies to a claim brought against an attorney.

¶ 20    As justification for reading into the statute an additional requirement that the plaintiff and defendant must have an attorney-client relationship, the appellate court cited the general rule in Illinois that an attorney owes a duty of care only to his or her client and not to third parties. *Id.* ¶ 28 (citing *Kopka v. Kamensky & Rubenstein*, 354 Ill. App. 3d 930, 934-35 (2004)). The general rule that attorneys do not owe professional duties to non-clients also was the basis for the court's decision in *Ganci v. Blauvelt*, 294 Ill. App. 3d 508, 515 (1998). The *Ganci* court held that the two-year statute of limitations in section 13-214.3(b) did not apply to a third-party contribution action against an attorney where the plaintiff failed to allege that the defendant owed a professional duty to him, and the action was not for legal malpractice. *Id.* The court held that an action "arising out of an act or omission in the performance of professional services" necessarily implied that the defendant attorney owed a professional duty to the plaintiff. Where no professional duty was owed because the defendant had not performed

professional services for the plaintiff, the statute of limitations did not bar an action filed by a non-client. *Id.*

¶ 21 Several federal district court opinions have followed *Ganci* in concluding that the statute of limitations in section 13-214.3(b) applies solely to claims of legal malpractice brought by a client of the attorney. See *Wilbourn v. Advantage Financial Partners, LLC*, No. 09-CV-2068, 2010 WL 1194950, at *10 (N.D. Ill. Mar. 22, 2010) (section 13-214.3(b) did not bar fraud claim where the defendant never served as the plaintiff's attorney and owed no fiduciary duty to the plaintiff); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 934 (S.D. Ill. 2006) (section 13-214.3(b) did not bar fraud claim brought against the defendant law firm where the firm did not render legal services to the plaintiffs and the claim was not for legal malpractice); *Cotton v. Private Bank & Trust Co.*, No. 01 C 1099, 2004 WL 526739, at *3-4 (N.D. Ill. Mar. 12, 2004) (section 13-214.3(b) did not bar tortious interference, inducement, and conversion claims brought by a non-client against a law firm where the firm owed no fiduciary duty to the plaintiff and, thus, was not engaged in providing "professional services" to the plaintiff).

¶ 22 Another panel of the appellate court declined to follow *Ganci* and held, instead, that the statute of limitations in section 13-214.3(b) applied to a third-party complaint brought by the plaintiff against an attorney who represented the plaintiff's lessor. *800 South Wells Commercial, LLC v. Horwood Marcus & Berk Chartered*, 2013 IL App (1st) 123660. The court held, "[a]s there is no language in the statute restricting its application to legal malpractice claims or claims brought by an attorney's client, the plain language of the statute directs that the two-year limitation applies to all claims against an attorney arising out of acts or omissions in the performance of professional services, and not just legal malpractice claims or claims brought against an attorney by a client." *Id.* ¶ 13.

¶ 23 We reject the interpretation advanced by the appellate court in *Ganci* and in the case at bar that section 13-214.3(c) applies solely to claims brought by a client against an attorney who owes professional or fiduciary duties to the plaintiff. This narrow reading overlooks the language in the statute that the repose period applies to claims "*arising out of* an act or omission in the performance of professional services." (Emphasis added.) 735 ILCS 5/13-214.3(b), (c) (West 2008). The "arising out of" language indicates an intent by the legislature that the statute apply to all claims against attorneys concerning their provision of professional services. There is no express limitation that the professional services must have been rendered to the plaintiff. Nor does the statute state or imply that it is restricted to claims for legal malpractice. Had the legislature wished to do so, it could have limited the statute to legal malpractice actions or to actions brought by a client of the attorney. Instead, the statute broadly applies to "action[s] for damages based on tort, contract, *or otherwise* *** arising out of an act or omission in the performance of professional services," which encompasses a number of potential causes of action in addition to legal malpractice. (Emphasis added.) 735 ILCS 5/13-214.3(b) (West 2008). A court may not read into a statute any limitations or conditions which are not expressed in the plain language of the statute. *Petersen v. Wallach*, 198 Ill. 2d 439, 446 (2002) (citing *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990)). "It is the dominion of the legislature to enact laws and it is the province of the courts to construe those laws. We can neither restrict nor enlarge the meaning of an unambiguous statute." *Id.* at 448.

The statute unambiguously applies to all claims brought against an attorney arising out of actions or omissions in the performance of professional services. To the extent that *Ganci* holds that section 13-214.3 is applicable only to actions brought by clients for legal malpractice, that case is overruled.

¶ 24   Our broad reading of section 13-214.3 is consistent with interpretations by Illinois courts of other, similarly-worded limitations and repose statutes. Statutes relating to the same subject are governed by one spirit and a single policy, and we must presume that the legislature intended these statutes to be consistent and harmonious. *Uldrych v. VHS of Illinois, Inc.*, 239 Ill. 2d 532, 540 (2011). See *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450 (1990) (statute of repose for actions against physicians and hospitals arising out of patient care (Ill. Rev. Stat. 1987, ch. 110, ¶ 13-212(a)) applied to third-party contribution claim); *Polsky v. BDO Seidman*, 293 Ill. App. 3d 414, 424 (1997) (statute of limitations for actions against public accountants (735 ILCS 5/13-214.2(a) (West 1996)) was not limited to professional malpractice actions but applied to claims of fraud and tortious interference by former employee suing accounting firm); *Donnybrook Investments Ltd. v. Arthur Anderson LLP*, No. 05 C 4883, 2006 WL 1049588, at *3 (N.D. Ill. Apr. 20, 2006) (statute of repose for actions against public accountants (735 ILCS 5/13-214.2(b) (West 2004)) applied to the plaintiffs' third-party action against the auditor of a failed bank, even though the auditor had not provided accounting services to the plaintiffs); *Citgo Petroleum Corp. v. McDermott International, Inc.*, 368 Ill. App. 3d 603, 607 (2006) (statute of repose for actions against persons in the design, planning, supervision, observation, or management of construction (735 ILCS 5/13-214(b) (West 2002)) applied to third-party complaint brought by the defendant manufacturer against former owner of refinery for negligent installation, inspection, maintenance, and operation of the facility).

¶ 25   In *Hayes*, the issue was whether the four-year statute of repose in section 13-212(a) of the Code (Ill. Rev. Stat. 1987, ch. 110, ¶ 13-212(a)) applied to third-party contribution actions brought against a doctor by the defendants in an underlying negligence action. Section 13-212(a) provided that an action for damages for injury or death against a physician, "whether based upon tort, or breach of contract, or otherwise, arising out of patient care" shall be brought no more than four years after the date of the act or omission alleged to have caused the injury or death. *Hayes*, 136 Ill. 2d at 453. This court held that the application of the repose period in section 13-212 was not limited to a direct action by the injured party. *Id.* at 456-57. We concluded that a third-party contribution action constitutes an "action for damages" within the language of the statute even though a contribution action need not be predicated on the same theory of recovery as that asserted by the plaintiff in the underlying action. *Id.* at 457. Key to the *Hayes* decision was the legislative purpose underlying the statute of repose, which was to provide a definite period in which an action arising out of patient care could be filed, thus preventing extended exposure of physicians and their insurers to potential liability for the care and treatment of patients. *Id.* at 458. We explained that a suit for contribution for damages arising out of patient care exposes a physician and his or her insurer to the same liability as if the patient were to have brought a direct action against the physician for medical malpractice. *Id.* at 458-59. The all-inclusive term "or otherwise" in the statute "demonstrate[d] the General

Assembly's desire at the time it originally enacted the statute to limit a physician's exposure to liability for damages for injury or death arising out of patient care *under all theories of liability*, whether then existing or not." (Emphasis added.) *Id.* Accordingly, the plaintiffs' third-party claims for contribution were subject to the repose provision for actions asserting injuries arising out of patient care. *Id.* at 456-57.

¶ 26    Although the third-party complaints in *Hayes* were not medical malpractice actions brought directly against a physician by a patient to whom the medical services were rendered, this court interpreted the repose statute broadly in order to effectuate the legislative intent to limit all actions against physicians arising out of patient care. Similar to the third-party complaints in *Hayes*, Evanston has not brought suit against defendants for professional legal services rendered to Evanston, but rather for damages arising out of professional services rendered by defendants to Kiferbaum. In its second amended complaint, Evanston alleged that defendants were attorneys licensed in the State of Illinois who represented Kiferbaum as defense counsel in the underlying personal injury case, that they participated in settlement negotiations on behalf of Kiferbaum, and that on October 23, 2000, they signed and initialed changes to the Fund and Fight Agreement on behalf of Kiferbaum. The complaint alleged damages to Evanston based on defendant's actions in executing the agreement in the absence of Kiferbaum's authorization. Thus, under the plain, unambiguous language of the statute, Evanston's claims in its second amended complaint "arose out of" defendants' actions "in the performance of professional services" on behalf of Kiferbaum, defendants' client. We hold that the statute of repose in section 13-214.3(c) applies to Evanston's second amended complaint, which was properly dismissed as time-barred pursuant to the statute.

¶ 27                            II. Evanston's Alternative Arguments

¶ 28    Evanston contends that, even if the statute of repose in section 13-214.3(c) applies to its second amended complaint, its lawsuit was timely filed, or, alternatively, that the second amended complaint related back to the original, timely filed complaint. Evanston also argues that the circuit court erred in dismissing its original and first amended complaints as premature because its cause of action accrued prior to the date of filing the original complaint.

¶ 29            A. Original Complaint Remained Pending on the Circuit Court's Docket

¶ 30    Evanston argues that its lawsuit was timely filed prior to the expiration of the six-year repose period and should not have been dismissed. The original complaint against defendants was filed on December 22, 2005, less than six years after the act upon which the complaint was based. Evanston contends that, since its original complaint was dismissed by the circuit court without prejudice and with leave to re-plead, the statute of repose did not extinguish its action because it remained pending on the docket of the circuit court until such time as the claims alleged in the complaint accrued. We disagree. Evanston's argument that a plaintiff may avoid an applicable statute of repose by filing a premature complaint alleging claims which have not fully accrued has no support in the law.

¶ 31    Evanston's initial complaint was dismissed by the circuit court pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2008)) because it failed to set forth a cause of action upon

which relief may be granted. See *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). Because the circuit court concluded that the complaint did not state a legally sufficient claim, the complaint was dismissed without prejudice to later refile. The dismissal without prejudice did not mean, however that Evanston preserved its claims, safe from the statute of repose, until such time as Evanston was able to state a legally sufficient cause of action. "Unlike a statute of limitations, which begins running upon accrual of a cause of action, a statute of repose begins running when a specific event occurs, regardless of whether an action has accrued or whether any injury has resulted." *Ferguson v. McKenzie*, 202 Ill. 2d 304, 311 (2001) (citing 54 C.J.S. *Limitations of Actions* § 4, at 20-21 (1987)). A statute of repose extinguishes an action after a fixed period of time, regardless of when the action accrued. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 61 (2006); *Ferguson*, 202 Ill. 2d at 311. The purpose of a period of repose is to terminate the possibility of liability after a defined period of time. *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422 (1986). The statute of repose began running in this case on October 23, 2000, the date of the act or omission alleged in the complaint. Because the circuit court concluded that Evanston failed to file a complaint stating a legally cognizable cause of action prior to the end of the six-year repose period, Evanston's claims were extinguished by the statute of repose.

¶ 32 The cases relied on by Evanston are distinguishable. In *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 65-66 (2007), an action filed by the plaintiffs against their attorneys for legal malpractice, breach of fiduciary duties, and intentional misconduct was dismissed without prejudice by the circuit court because the plaintiffs had not yet suffered an adverse judgment in the underlying litigation. At the request of the plaintiffs, the circuit court stayed the proceedings until the underlying litigation was resolved. The appellate court affirmed the imposition of the stay. *Id.* at 71. In this case, Evanston never requested a stay of the proceedings, nor was a stay entered by the circuit court.

¶ 33 *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 359-61 (1998), is inapposite because the appellate court held that the circuit court abused its discretion in dismissing the plaintiff's premature complaint for legal malpractice with prejudice, but the court acknowledged that the plaintiff may become subject to the statute of repose in section 13-214.3 upon later refiling. The same is true for *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578, 587-88 (2003), and *J. Eck & Son, Inc. v. Reuben H. Donnelley Corp.*, 188 Ill. App. 3d 1090, 1093 (1989). These cases simply held that a dismissal without prejudice is not a final order for purposes of appellate review. None of the cases cited by Evanston supports its argument that a dismissal of a premature complaint without prejudice allows a plaintiff to circumvent a statute of repose when an amended complaint is filed after the repose period has expired.

¶ 34 B. Relation Back

¶ 35 Evanston next contends that its second amended complaint related back to its original timely-filed complaint. Under the relation back doctrine, a cause of action set forth in an amended pleading will not be time-barred and will "relate back" to the date of the filing of the original pleading if: (1) the original pleading was timely filed, and (2) the cause of action asserted in the amended pleading grew out of the same transaction or occurrence as that

asserted in the original pleading. 735 ILCS 5/2-616(b) (West 2008); *Zeh v. Wheeler*, 111 Ill. 2d 266, 270-71 (1986); *Avakian v. Chulengarian*, 328 Ill. App. 3d 147, 153 (2002).

¶ 36    After a careful review of the record in this case, we find that Evanston's argument with respect to the relation back doctrine was argued for the first time in its motion for reconsideration of the circuit court's dismissal of the second amended complaint. Evanston failed to raise the argument in its response to defendants' motion to dismiss; thus, it has forfeited the argument. The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the original hearing, changes in existing law, or errors in the court's application of the law. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 133 (2008). Arguments raised for the first time in a motion for reconsideration in the circuit court are forfeited on appeal. *Id.* at 134; *Illinois Health Maintenance Organization Guaranty Ass'n v. Shapo*, 357 Ill. App. 3d 122, 137 (2005); *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 978 (1998) (a party may not raise a legal theory for the first time in a motion to reconsider).

¶ 37    C. Circuit Court's Dismissal of Prior Complaints as Premature

¶ 38    Evanston argues that the circuit court erred in dismissing its original and first amended complaints as premature. It asserts that, for purposes of a breach of implied warranty of authority, a plaintiff is injured at the time that the plaintiff learns that the agent lacked authority, or when the plaintiff suffers damages or fails to gain the anticipated benefits, whichever occurs first. See *Joe & Dan International Corp. v. United States Fidelity & Guaranty Co.*, 178 Ill. App. 3d 741, 746 (1988); Restatement (Second) of Agency § 329 cmt. k (1958). Accordingly, Evanston argues that it was injured, and its cause of action accrued, on December 22, 2003, when Kiferbaum asserted in an affidavit filed in the coverage action that defendants did not have authorization to execute the Fund and Fight Agreement on Kiferbaum's behalf. In the alternative, Evanston argues that its claims fully accrued prior to its original complaint because its cause of action for breach of implied warranty of authority is akin to a breach of contract action, which accrued at the time of the breach and is subject to the discovery rule.

¶ 39    Evanston's assertion that it was injured, and its claims accrued, prior to filing the original complaint, also was raised for the first time in Evanston's motion for reconsideration of the dismissal of the second amended complaint. In fact, the circuit court found the argument "waived" in its order denying the motion for reconsideration. Evanston's arguments regarding prematurity were fully available but were not raised at the time the dismissal orders were entered on its original and first amended complaints. Accordingly, these contentions have been forfeited, and we decline to consider them on review. See *Continental Casualty Co. v. Security Insurance Co. of Hartford*, 279 Ill. App. 3d 815, 821 (1996).

¶ 40    Conclusion

¶ 41    For the foregoing reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court dismissing plaintiff's second amended complaint with prejudice.

¶ 42 Appellate court judgment reversed.

¶ 43 Circuit court judgment affirmed.

¶ 44 JUSTICE KILBRIDE, dissenting:

¶ 45 I respectfully dissent from the majority opinion because I disagree with the majority's statutory analysis. I believe the majority erroneously concludes that section 13-214.3 of the Code of Civil Procedure (Code) (735 ILCS 5/13-214.3 (West 2008)), is not restricted to legal malpractice claims or to actions brought by a client of the attorney. *Supra* ¶ 23.

¶ 46 I agree with the appellate court's reasoning that section 13-214.3 "contemplates an action where a client brings suit against his or her attorney arising out of an attorney-client relationship" and is not applicable to bar a suit brought by a nonclient against an attorney in a case that does not allege legal malpractice. 2011 IL App (1st) 102660-U, ¶ 28. Accordingly, I would affirm the judgment of the appellate court.

¶ 47 Before this court, defendants submit that the appellate court failed to apply the plain language of section 13-214.3 and, instead, improperly limited the application of section 13-214.3 only to those situations where a claim for legal malpractice is asserted against the attorney by a client. Evanston contends that the appellate court properly construed the plain language of section 13-214.3 in finding that it is inapplicable to claims by nonclients that do not involve legal malpractice.

¶ 48 This case involves a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2008)). A motion to dismiss under section 2-619 "admits the legal sufficiency of the plaintiff's claim, but asserts certain defects or defenses outside the pleading that defeat the claim." *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). The circuit court's dismissal of a complaint pursuant to section 2-619 is reviewed *de novo*. *Solaia Technology*, 221 Ill. 2d at 579. Likewise, the interpretation and construction of a statute is subject to *de novo* review. *Krautsack v. Anderson*, 223 Ill. 2d 541, 553 (2006).

¶ 49 Section 13-214.3 of the Code provides, in relevant part:

"(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission *in the performance of professional services* *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) An action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred." (Emphasis added.) 735 ILCS 5/13-214.3(b), (c) (West 2008).

¶ 50 Although this court is asked to address the applicability of subsection (c), I believe our analysis must necessarily focus on the meaning of the language in subsection (b). This court's primary objective in construing the meaning of a statute is to ascertain and give effect to the intent of the legislature. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). The plain language of a statute is the most reliable indication of legislative intent. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). "[W]hen the language of the statute is clear, it must be applied as written without resort to aids or tools of interpretation." *DeLuna*, 223 Ill. 2d at 59.

- 12 -

¶ 51    I agree with the appellate court that section 13-214.3(b) is unambiguous because the plain language indicates the intent of the legislature. See *Cotton v. Private Bank & Trust Co.*, No. 01 C 1099, 2004 WL 526739, at *3 (N.D. Ill. Mar. 12, 2004) (the language of section 13-214.3 is "unambiguous with respect to its exclusive application to attorney malpractice claims"). The language "in the performance of professional services" clearly limits the applicable actions to those situations when the act or omission arose while providing "professional services" to a client.

¶ 52    As a matter of law, the attorney-client relationship is a fiduciary relationship. *In re Schuyler*, 91 Ill. 2d 6, 11 (1982). As this court stated in *Cornelius v. Wash*, 1 Ill. 98, 100 (1825), "[t]he confidence reposed in counsel is of a personal nature, and can not be delegated without the consent of the client." In *Morgan v. Roberts*, 38 Ill. 65, 84 (1865), this court again noted that the attorney's duty to his client "is a personal duty and trust which cannot be delegated or performed by another." Thus, an attorney has a personal, professional, and fiduciary duty only to the client. See *Pelham v. Griesheimer*, 92 Ill. 2d 13, 19 (1982) ("The traditional, general rule has been that the attorney is liable only to his client, not to third persons.").

¶ 53    The language of section 13-214.3 clearly contemplates a duty arising from an attorney-client relationship and that the alleged injury arose out of the attorney's representation of the person for whom the professional services were rendered. There is no language in section 13-214.3 suggesting that the legislature intended it to apply in the context of a claim by a nonclient with whom the attorney never had a professional fiduciary relationship, and to whom the attorney never owed a legal duty. To the contrary, the plain meaning of section 13-214 demonstrates that it unambiguously applies exclusively to legal malpractice claims arising out of acts or omissions in the performance of professional services.

¶ 54    This conclusion is consistent with the attorney's duty to the client in the adversarial process. As this court has recognized:

> "Where a client's interest is involved in a proceeding that is adversarial in nature, the existence of a duty of the attorney to another person would interfere with the undivided loyalty which the attorney owes his client and would detract from achieving the most advantageous position for his client. (R. Mallen & V. Levit, Legal Malpractice sec. 80, at 159 (2d ed. 1981).) Our code of professional responsibility requires that a lawyer represent his client with undivided fidelity (84 Ill. 2d R. 5-107), and Canon 7 provides that a lawyer should represent a client zealously within the boundaries of the law (84 Ill. 2d Canon 7). In cases of an adversarial nature, in order to create a duty on the part of the attorney to one other than a client, there must be a clear indication that the representation by the attorney is intended to directly confer a benefit upon the third party." *Pelham v. Griesheimer*, 92 Ill. 2d 13, 22-23 (1982).

¶ 55    Here, Evanston's complaint set forth claims for breach of implied warranty of authority, fraudulent misrepresentation, and negligent misrepresentation, alleging defendants falsely or negligently asserted that they had authority to bind their client, Kiferbaum, to the Fund and Fight Agreement. Evanston's complaint does not claim legal malpractice or clearly indicate that the defendants "intended to directly confer a benefit upon" Evanston (*Pelham*, 92 Ill. 2d at 23).

¶ 56    Other courts interpreting section 13-214.3 have similarly concluded that it applies exclusively to legal malpractice actions. In *Ganci v. Blauvelt*, 294 Ill. App. 3d 508, 515 (1998), a decedent's children brought suit against the son of the decedent's deceased wife, alleging that he deprived them of a portion of the wife's estate. The defendant son then filed a third-party complaint against his deceased mother's attorney seeking contribution. The trial court dismissed the third-party complaint as untimely. The appellate court rejected the attorney's argument that section 13-214.3(b) applied to bar the third-party complaint because the action against him was one " 'arising out of an act or omission in [his] performance of professional services.' " *Ganci*, 294 Ill. App. 3d at 515. Specifically, the court found that "the third-party complaint does not set forth a failure of [the attorney's] professional duty to [the third-party plaintiff] but rather conduct on [the attorney's] part whereby he shared culpability for the injuries to plaintiffs." *Ganci*, 294 Ill. App. 3d at 515. The court concluded that the third-party complaint was not an action for legal malpractice and, therefore, section 13-214.3 did not apply. *Ganci*, 294 Ill. App. 3d at 515. Accordingly, the appellate court held that the third-party complaint was not barred under section 13-214.3. *Ganci*, 294 Ill. App. 3d at 519.

¶ 57    In *Cotton*, 2004 WL 526739, the defendant filed a motion to dismiss, arguing that the plaintiff's claims for tortious interference, interference with economic expectancy, inducement to breach fiduciary duty, conversion of assets, and conspiracy to breach fiduciary duty were time-barred under section 13-214.3's statute of limitations for attorney malpractice actions. The plaintiff argued that section 13-214.3 applies only within the context of traditional attorney malpractice and does not bar claims alleging attorney wrongdoing outside the attorney-client fiduciary relationship. The court found the language of section 13-214.3 "unambiguous with respect to its exclusive application to attorney malpractice claims." *Cotton*, 2004 WL 526739, at *3. Specifically, the court noted:

> "Section 5/13-214.3(b) provides explicitly for a limited reach. The statute provides for a two-year statute of limitations not merely for 'an act or omission of the attorney' *** but rather for 'an act or omission *in the performance of professional services*.' An attorney who provides professional services assumes a fiduciary duty to the person contracting for her services." (Emphasis in original.) *Cotton*, 2004 WL 526739, at *3.

Accordingly, the court held that a professional attorney-client relationship must exist between a plaintiff and a defendant attorney for the attorney to invoke section 13-214.3. *Cotton*, 2004 WL 526739, at *4.

¶ 58    In *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926 (S.D. Ill. 2006), the plaintiffs brought an action against the defendant bank and the bank's attorneys, alleging they violated the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 to 12 (West 2006)) in connection with mortgage foreclosure proceedings. The defendant attorneys argued that all claims under Illinois law against an attorney are governed by the limitations period of section 13-214.3. The court, following *Ganci* and *Cotton*, held that section 13-214.3 applies only to actions for legal malpractice where a defendant attorney renders legal services to the plaintiff. *Bova*, 446 F. Supp. 2d at 934. Since the complaint was not for legal malpractice, the court held that the limitations period of section 13-214.3 did not apply. *Bova*, 446 F. Supp. 2d at 934.

- 14 -

¶ 59 In *Wilbourn v. Advantage Financial Partners, LLC*, No. 09-CV-2068, 2010 WL 1194950 (N.D. Ill. Mar. 22, 2010), the plaintiff brought a complaint alleging that a loan company's attorney committed fraud. The attorney claimed that section 13-214.3 barred the claim against him. Relying on *Ganci* and *Cotton*, the court held that section 13-214.3 did not apply because the defendant never served as the plaintiff's attorney. *Wilbourn*, 2010 WL 1194950, at *10.

¶ 60 Thus, my interpretation that section 13-214.3 is unambiguous and applies only to claims for legal malpractice is in accord with *Ganci*, *Cotton*, *Bova*, and *Wilbourn*. In fact, this court has recognized that with the passage of section 13-214.3 " 'a two-year limitations period and a six-year repose period applied—*without exception*—to *all attorney malpractice actions.*' " (Emphasis in original and added.) *DeLuna*, 223 Ill. 2d at 75 (quoting *Perlstein v. Wolk*, 218 Ill. 2d 448, 452 (2006)).

¶ 61 The majority opinion, however, rejects the interpretation advanced by *Ganci*, *Cotton*, *Bova*, *Wilbourn*, and the appellate court in this case that section 13-214.3(c) applies solely to claims brought by a client against an attorney who owes professional or fiduciary duties to the plaintiff. The majority reasons that this "narrow" reading overlooks the language in the statute that the repose period applies to claims "*arising out of* an act or omission in the performance of professional services." (Emphasis in original.) *Supra* ¶ 23. The majority concludes that the "arising out of" language indicates an intent by the legislature that the statute apply to all claims against attorneys concerning their provision of professional services. *Supra* ¶ 23. The majority makes this conclusion, however, with absolutely no citation to any authority to support this overly broad interpretation of the "arising out of" language of section 13-214.3.

¶ 62 I believe the majority opinion places too much emphasis on the "arising out of" language, while ignoring the fundamental "*in the performance of professional services*" language. 735 ILCS 5/13-214.3(6) (West 2008). It is a tenet of basic statutory construction that to determine legislative intent a court should read the statute as a whole and consider all relevant parts. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 16-17 (1996). I disagree with the majority's focus on one part of the statute and its failure to read the statute as a whole. As this court has indicated "[a] fundamental principle of statutory construction is to view all provisions of a statutory enactment as a whole. Accordingly, words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute. [Citation.]" *DeLuna*, 223 Ill. 2d at 60.

¶ 63 In my view, the phrase "in the performance of professional services," clearly indicates legislative intent to limit the applicability of the statute of repose to legal malpractice claims by clients. The majority simply ignores the plain language of the statute. I therefore disagree with the majority's interpretation that no limitation is contained in the statute.

¶ 64 The majority rejects the interpretation advanced by the appellate court as well as all other courts that have thoughtfully analyzed and interpreted section 13-214.3 as contemplating an attorney client relationship and, instead, relies on *Uldrych v. VHS of Illinois, Inc.*, 239 Ill. 2d 532 (2011), *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450 (1990), *Polsky v. BDO Seidman*, 293 Ill. App. 3d 414 (1997), *Donnybrook Investments Ltd. v. Arthur Andersen LLP*, No. 05 C 4883, 2006 WL 1049588 (N.D. Ill. Apr. 20, 2006), and *Citgo Petroleum Corp. v. McDermott International, Inc.*, 368 Ill. App. 3d 603 (2006). *Uldrych* and *Hayes* both

- 15 -

interpreted the medical malpractice statute of repose. *Polsky* and *Donnybrook* involved the statute of limitations for actions against public accountants. *Citgo* addressed the applicability of the statute of repose for actions against persons in the design, planning, supervision, observation, or management of construction. Notably, none of those cases involved interpretation of section 13-214.3.

¶ 65      The majority relies primarily on *Hayes* in concluding that section 13-214.3(c) applies to bar Evanston's claims. In *Hayes*, this court addressed whether the medical malpractice statute of repose bars third-party claims against physicians for contribution. The relevant medical malpractice statute of repose provided, in relevant part:

> "[N]o *action for damages* for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought *** more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, ¶ 13-212(a).

¶ 66      This court interpreted the provision "action for damages" to bar "any action after the period of repose seeking damages against a physician or other enumerated health-care provider for injury or death arising out of patient care, whether at law or in equity." *Hayes*, 136 Ill. 2d at 456. We recognized the legislative history of the medical malpractice statute of repose indicated that the General Assembly perceived a medical malpractice insurance crisis. *Hayes*, 136 Ill. 2d at 457-58. We found that the term "or otherwise" in the medical malpractice statute of repose includes actions for contribution because it "expose[d] insurance companies to the same liability as if the patient were to have brought a direct action against the insured." *Hayes*, 136 Ill. 2d at 458. This court therefore concluded that the General Assembly intended to limit a physician's exposure to liability for damages for injury or death arising out of patient care under all theories of liability, including a third-party action for contribution. *Hayes*, 136 Ill. 2d at 459.

¶ 67      In my opinion, *Hayes* is clearly distinguishable. The language of the medical malpractice statute of repose differs significantly from section 13-214.3. The medical malpractice statute of repose does not contain language requiring the action to arise out of an act or omission "in the performance of professional services." Rather, the language of the medical malpractice statute of repose is much broader than section 13-214.3, and bars actions against a physician or other enumerated health-care provider for injury or death arising out of patient care. In contrast, section 13-214.3 limits the legal malpractice statute of repose to actions for damages arising out of an act or omission "in the performance of professional services," indicating a duty arising from an attorney-client relationship and an injury arising from the attorney's representation of the person for whom the professional services were rendered.

¶ 68      Moreover, the medical malpractice statute of repose was enacted in 1982, under entirely different circumstances than section 13-214.3. When section 13-214.3 was enacted, the General Assembly was not faced with a perceived legal malpractice insurance crisis. Rather, the legislative history of section 13-214.3 indicates the General Assembly simply intended to provide a statute of limitation on attorney malpractice actions between an attorney and a client

- 16 -

because there was no prior statute of limitations for legal malpractice. See 86th Ill. Gen. Assem., House Proceedings, May 18, 1990, at 55 (statements of Representative Cullerton) ("This Bill creates a statute of limitations in a *malpractice* action brought against an attorney. Right now there is no *malpractice* statute of limitation. \*\*\* It provides a two year statute of limitation on *attorney malpractice* actions with a six year period of repose." (Emphases added.)). See also 86th Ill. Gen. Assem., House Proceedings, May 18, 1990, at 59-60 (statements of Representative Preston) (It "is providing for *legal malpractice* \*\*\*. \*\*\* [T]here is no reason why someone who leaves for any reason, the practice of law, should have to continue to buy *malpractice* insurance, ten, twenty, thirty, forty years after they no longer practice law." (Emphases added.)). There is nothing in the legislative history indicating that the legislature intended to bar other types of claims by nonclients. Without a clear expression of intent, this court should decline to read the statute to bar a third-party action that does not involve legal malpractice.

¶ 69    The majority cites to only one case that has considered the applicability of section 13-214.3 and rejected the reasoning of *Ganci*: *800 South Wells Commercial, LLC v. Horwood Marcus & Berk Chartered*, 2013 IL App (1st) 123660. *South Wells* cited absolutely no legal authority for its statutory interpretation and conflicted with all other published decisions on the issue. See *Ganci*, 294 Ill. App. 3d 508; *Cotton*, 2004 WL 526739; *Bova*, 446 F. Supp. 2d 926; *Wilbourn*, 2010 WL 1194950.

¶ 70    Ultimately, I would hold that the limitations period for actions against attorneys performing professional services (735 ILCS 5/13-214.3 (West 2008)), applies only to legal malpractice actions and does not bar other types of actions brought by a nonclient against an attorney. I would, therefore, affirm the judgment of the appellate court.

¶ 71    For the foregoing reasons, I respectfully dissent.

¶ 72    JUSTICE THEIS joins in this dissent.