NOTICE

Decision filed 06/23/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240847-U

NO. 5-24-0847

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| YOLANDA SPEARS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 24-SC-13 |
| | ) | |
| THE CITY OF VENICE, | ) | Honorable |
| | ) | Ronald S. Motil, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice McHaney and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court's judgment is affirmed where insufficient evidence was presented at trial, arguments and evidence were improperly raised in plaintiff's requested reconsideration, and argument raised on appeal was forfeited.

¶ 2    Plaintiff, Yolanda Spears, filed a complaint against the City of Venice, seeking damages for the alleged wrongful towing of her vehicle and imposition of a fee to release the vehicle to her. Following a bench trial, the court entered judgment against Spears. Spears now appeals from the denial of her motion to reconsider. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On January 4, 2024, Spears filed a small claims complaint against the City of Venice (City). Therein, Spears alleged that the City illegally towed her car and charged her an unauthorized tow release fee. She also sought $10,000 in damages for mental distress caused by having to speak

1

with disrespectful people. The court held a bench trial on April 17, 2024. Spears appeared *pro se* and testified on her own behalf.

¶ 5    Spears testified that she parked her car at her aunt's house when Kevin Knox, a detective for the City of Venice, pulled up and told her that her license plate was expired and he had to tow her car. She told him that the car was parked and was not being moved. Detective Knox called Chief of Police Antonio White, who arrived and also informed her that the car would be towed. Spears further testified that, after the vehicle was towed, she had to pay the City a $250 tow release fee and the towing company a storage fee of $50 for each day that the vehicle remained in the tow yard. Spears eventually paid these fees, and the car was returned to her.

¶ 6    Spears claimed that she later learned that the City did not have a tow fee ordinance, so she tried to get the $250 fee she paid back from the City. She testified that she attended a meeting of the city council, where she allegedly learned that the mayor told the chief of police not to charge tow fees, and the City was supposed to return money to individuals who were previously charged these fees. Spears claimed that she ultimately paid $250 to the City for the release fee and $850 to the towing company for the storage fee; she argued that the storage fee grew because she had to pay the City first, and it took her additional days to acquire enough money. She told the court that she was seeking $10,000, which included additional money for mental distress over how she had been treated by various City officials and employees throughout the ordeal.

¶ 7    Prior to the City's cross-examination, the court realized that Spears had not been sworn in, and so this was done at that time. Counsel for the City asked Spears whether the mayor told her at this city council meeting that her tow fee would be refunded. She responded that the mayor had wanted her to sit down, and what he actually said was "whatever you want we will give it to you." Detective Knox then testified on behalf of the City, stating that he initiated a traffic stop of

2

Spears's vehicle because the registration tags were expired. She pulled into a parking spot, he got out of his car to let her know the purpose of the stop, and her car was ultimately towed.

¶ 8 The court inquired whether the City of Venice had a tow ordinance. Spears again asserted that it did not but was collecting money regardless. Counsel for the City argued that there was currently a tow ordinance in place, but he could not speak as to when it had been passed. Counsel further argued that the burden was on the plaintiff to show that there was not a valid tow ordinance in effect on the date that her vehicle was towed.

¶ 9 The court initially stated that it would take the matter under advisement but ultimately issued a ruling in favor of the City, finding that Spears had not satisfied her burden of proof. The court explained to Spears that it was "not going to establish a preceden[t] where residents who do not agree with a valid police stop then file small claims cases because they don't like how they were talked to or whether or not there was a proper response made." It further explained that it did not have enough information to render a judgment in her favor.

¶ 10 On May 16, 2024, Spears filed a motion for leave to file an amended complaint, seeking to add additional defendants and claims. She also filed a motion to vacate the court's April 17, 2024, judgment. The circuit court denied her motion to file an amended complaint, stating in its order that the case was previously heard before the court, with arguments and evidence presented at that time. The court stated that it would consider the motion to vacate as a motion for reconsideration and set the matter for hearing.

¶ 11 Following a hearing on June 26, 2024, the circuit court entered an order denying Spears's motion to reconsider. This appeal followed.

3

¶ 12                                    II. ANALYSIS

¶ 13     On appeal, Spears argues that both the City and the circuit court were aware that while there is currently a tow fee ordinance in place in the City of Venice, there was no such ordinance in effect on the date of her traffic stop. She further alleges that the circuit court heard testimony that the police chief had been illegally collecting tow fees for years, and that counsel for the City could not say when a tow ordinance was passed but admitted that the mayor offered Spears a refund.

¶ 14     She claims that the circuit court erred in placing the burden of proof on her to show that no valid tow ordinance existed, because the burden of proof was on the City pursuant to section 1-2-6 of the Illinois Municipal Code (65 ILCS 5/1-2-6 (West 2024)). She further argues that the court erred in failing to swear her in until after she had given most of her testimony. Lastly, she argues that the court's rulings against her at trial and on her motion to reconsider were in error, because the court: (1) did not consider her testimony at trial, because it said it would take the matter under advisement but then ruled against her; (2) ignored evidence of the mayor's "fraudulent conduct" and the City's counsel's ignorance of the City's ordinances; (3) denied her request to have a court reporter at the hearing on her motion to reconsider and other posttrial motions; (4) did not allow her to present testimony on City ordinances from the City comptroller at the posttrial motions hearing; and (5) did not consider new evidence she wished to submit at that hearing.

¶ 15     The City argues that the majority of Spears's appellate arguments were not presented to the trial court. It argues that at trial, Spears only argued that there was no ordinance in place at the time her car was towed that allowed the City to collect tow release fees, and that the City's mayor stated that the police should not collect the fee and should issue refunds to those who previously paid the fee. We agree.

4

¶ 16    Spears's motion to reconsider merely refers to her untimely proposed amended complaint, which the circuit court denied her leave to file. The amended complaint contains new defendants and arguments that she failed to raise prior to trial. At no time did Spears present any basis that would allow the circuit court to consider new claims after the case was already tried. While the court did afford her the opportunity to present arguments for the reconsideration of its judgment, Spears is mistaken that the court erred by not allowing her to present a new witness and new evidence.

¶ 17    "The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the original hearing, changes in existing law, or errors in the court's application of the law." *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. No argument was made in support of any of those possibilities. Furthermore, arguments that are raised for the first time in a motion to reconsider are forfeited on appeal. *Id.*

¶ 18    On appeal, Spears argues that the court did not allow her to present new evidence or her additional witness at the hearing on her motion to reconsider. However, she again fails to show why this evidence or testimony was proper for a motion to reconsider. Similarly, she provides no support for the position that the court erred in dismissing her motion where—by incorporating her proposed amended complaint—she was providing arguments raised for the first time on reconsideration. She also fails to state how the court's denial of her request for a court reporter was improper or how this caused her prejudice on her motion to reconsider. If she believed a record of the hearing was necessary for a review of her claims on appeal, then it was her duty as the appellant to provide a sufficiently complete record for us to rule on her claims. See *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003). Where no hearing transcript exists, the appellant is obligated to file a bystander's report or an agreed statement of facts. *Id.*; Ill. S. Ct. R.

323(c), (d) (eff. July 1, 2017). As she did not do so, we have no grounds for disturbing the court's judgment, and we presume that the legal and factual bases for the order were sufficient. *Rogers*, 204 Ill. 2d at 318-19 (with no sufficient record on appeal, "the reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis").

¶ 19     Thus, we find Spears forfeited all of her arguments, most of which were properly rejected by the circuit court as raised for the first time in her motion to reconsider. Between the forfeiture and lack of any record on appeal for the reconsideration, we have no basis to alter the decision below.

¶ 20                                III. CONCLUSION

¶ 21     For the reasons stated above, the circuit court did not err in entering judgment in favor of the City at trial and denying Spears's motion to reconsider. Therefore, we affirm the circuit court's judgment.


¶ 22     Affirmed.