# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***800 South Wells Commercial, LLC v. Horwood Marcus & Berk Chartered,***
**2013 IL App (1st) 123660**

---

| | |
|---|---|
| Appellate Court Caption | 800 SOUTH WELLS COMMERCIAL, LLC, Plaintiff-Appellant, v. HORWOOD MARCUS AND BERK CHARTERED, Defendant-Appellee (Nicholas S. Gouletas; 800 South Wells Phase I, LLC, a/k/a River City Commercial; Invesco Management Company, Inc., d/b/a American Invesco; John Cadden; and River City Parking LLC, Defendants). |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-3660 |
| Filed<br>Rehearing denied | August 22, 2013<br>September 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's claim against defendant law firm for aiding and abetting other defendants in breaching their fiduciary duties to plaintiff was properly dismissed as untimely pursuant to the two-year statute of limitations in section 13-214.3(b) of the Code of Civil Procedure, notwithstanding plaintiff's contention that section 13-214.3(b) only applied to legal malpractice claims brought by an attorney's clients and defendant did not represent plaintiff, since the plain language of section 13-214.3(b) contains no such limitation. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-2895; the Hon. Daniel J. Pierce, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

F. Dean Armstrong, of Armstrong Law Firm, P.C., of Flossmoor, for appellant.

Williams Montgomery & John Ltd., of Chicago (Michael C. Bruck and Megan A. Rees, of counsel), for appellee.

Panel

JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.
Presiding Justice Lavin and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, 800 South Wells Commercial, LLC, appeals from an order of the circuit court of Cook County granting the motion of defendant, Horwood Marcus & Berk Chartered (HMB), to dismiss with prejudice plaintiff's claim against HMB for aiding and abetting Nicholas Gouletas and John Cadden in breaching their fiduciary duties to plaintiff. On appeal, plaintiff contends that the court erred by applying the two-year statute of limitations set forth in section 13-214.3(b) of the Code of Civil Procedure (Code) (735 ILCS 5/13-214.3(b) (West 2010)) to its claim against HMB. For the reasons that follow, we affirm.

¶ 2                                    BACKGROUND

¶ 3     On August 31, 2012, plaintiff filed a third amended complaint against various defendants alleging, *inter alia*, claims of breach of fiduciary duty against Gouletas and Cadden and claims of aiding and abetting a breach of fiduciary duty against HMB, 800 South Wells Phase I, LLC (a/k/a River City Commercial), and River City Parking, LLC (River City Parking). Plaintiff asserted that Gouletas owned half the membership interests in plaintiff, was the manager of plaintiff, and dominated and controlled plaintiff's business affairs. Plaintiff also asserted that Cadden was a vice president of plaintiff and that Gouletas and Cadden owed plaintiff a fiduciary duty.

¶ 4     Plaintiff asserted that in April 1997, a corporation connected to Gouletas purchased the River City Complex at 800 South Wells Street in Chicago, which consisted of 448 apartments, 240,000 square feet of commercial space, an underground parking garage, a surface parking lot, and a marina, and that sometime thereafter plaintiff became the owner of the long-term leasehold interests in the commercial space and the parking garage. Gouletas refinanced the leasehold interests in the parking garage and commercial space such that by

late 2005, those interests were encumbered by a first mortgage from Parkway Bank & Trust Company upon which plaintiff owed $11.75 million and a second mortgage from CIB Bank upon which plaintiff owed about $10 million. The mortgage from CIB Bank was purchased by D.A.N. Joint Venture III, L.P. (DJV), and plaintiff was in default on that mortgage by the end of 2005.

¶ 5        Plaintiff also asserted that in 2005, WRT-Marc RC, LLC (WRT), became interested in purchasing the commercial space from plaintiff and planned to purchase the first mortgage from Parkway Bank & Trust then foreclose upon the commercial space and parking garage. In mid-January 2006, WRT reached an agreement with plaintiff, through Cadden, whereby plaintiff would not contest the foreclosure proceedings if WRT granted plaintiff an option to acquire the parking garage from WRT at WRT's cost. Plaintiff asserted that the net profit from the exercise of the option and subsequent sale of the parking spaces would have exceeded $3.5 million. Shortly after the agreement was reached, Gouletas and Cadden learned that the expected profits would have to be shared with plaintiff's creditors, including DJV. Cadden informed Kenneth Bosworth, a partner at HMB, of the terms of the option agreement and on January 23, 2006, Bosworth recommended that Cadden create a new entity and execute an agreement with WRT whereby the new entity would receive the option to acquire the parking spaces. On March 29, 2006, Cadden and WRT executed an option agreement whereby River City Commercial was granted the option to acquire the parking garage, and River City Commercial then assigned its rights under the option agreement to River City Parking. On April 24, 2006, WRT, which by that time had purchased the first mortgage on the parking garage and commercial space, filed suit to foreclose on that mortgage. Plaintiff did not contest the foreclosure, and a foreclosure judgment was entered in favor of WRT on October 18, 2006. On November 16, 2006, DJV took control of plaintiff's voting rights and thereafter removed Gouletas as the manager of plaintiff. On July 24, 2007, WRT purchased the parking garage and commercial space at a foreclosure sale.

¶ 6        Plaintiff alleged that Gouletas and Cadden breached their fiduciary duties by diverting the option to acquire the parking garage from plaintiff to River City Parking and that HMB aided and abetted Gouletas and Cadden in breaching their fiduciary duties by assisting them in doing so. Plaintiff asserted that HMB knew that WRT and plaintiff had reached an agreement whereby plaintiff was to receive an option to acquire the parking garage, that Gouletas and Cadden owed fiduciary duties to plaintiff, and that Gouletas and Cadden were breaching their fiduciary duties when they diverted the option to acquire the parking garage to River City Parking. Plaintiff also asserted that HMB assisted Gouletas and Cadden by advising and counseling them regarding ways to divert the option to acquire the parking garage to River City Parking and negotiating, drafting, reviewing, and preparing the documents which accomplished that goal.

¶ 7        On September 28, 2012, HMB filed a combined motion to dismiss under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2010)). HMB asserted that plaintiff's claim should be dismissed under section 2-619(a)(5) (735 ILCS 5/2-619(a)(5) (West 2010)) because it was barred by the two-year statute of limitations provided in section 13-214.3(b) (735 ILCS 5/13-214.3(b) (West 2010)) for actions "against an attorney arising out of an act or omission in the performance of professional services" and that the claim should be dismissed under

section 2-615 (735 ILCS 5/2-615 (West 2010)) because plaintiff failed to allege sufficient facts to state a cause of action. Plaintiff responded that the two-year statute of limitations did not apply to its claim because the claim did not arise from HMB's performance of legal services for plaintiff.

¶ 8 On November 9, 2012, the court granted HMB's motion to dismiss with prejudice under section 2-619 and denied the motion to dismiss under section 2-615. In doing so, the court found that the two-year statute of limitations applied to plaintiff's claim because the allegation against HMB was based on acts it performed in the course of providing professional legal services to Gouletas and that plaintiff failed to comply with the statute of limitations because it did not file its complaint within two years of learning of its injury. The court subsequently entered an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010), finding there was no just reason to delay the enforcement or appeal of its order dismissing plaintiff's claim.

¶ 9           ANALYSIS

¶ 10 Plaintiff contends that the court erred by dismissing its claim against HMB because the two-year statute of limitations provided in section 13-214.3(b) of the Code did not apply to its claim. A motion to dismiss brought under section 2-619 of the Code admits the legal sufficiency of the plaintiff's claim but asserts an affirmative matter outside of the pleading that defeats the claim. *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008). The circuit court's decision to grant such a motion will be reviewed *de novo*. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55.

¶ 11 A claim based on tort, contract, or otherwise "against an attorney arising out of an act or omission in the performance of professional services" must be commenced within two years from the time the party bringing the action knew or reasonably should have known of the injury for which damages are being sought. 735 ILCS 5/13-214.3(b) (West 2010). Plaintiff asserts that the two-year statute of limitations only applies to legal malpractice claims brought by a client against its attorney for actions taken in the performance of professional services for the client and that the statute does not apply in this case because plaintiff's claim does not arise from actions taken by HMB in the performance of any services for plaintiff. HMB responds that the application of the statute of limitations is not restricted to legal malpractice claims by a client against its attorney and that the statute applies regardless of whether the claim is brought by a client of the attorney. In dismissing plaintiff's claim, the circuit court found that the statute applied because plaintiff's allegations arose from acts performed by HMB in the course of rendering legal services to Gouletas. The parties do not dispute that plaintiff did not bring its claim against HMB within two years of learning of the injury at issue and that if the two-year statute of limitations applies to plaintiff's claim, then the claim was properly dismissed as untimely.

¶ 12 A court's primary objective in construing the meaning of a statute is to ascertain and give effect to the intent of the legislature. *Ready v. United/Goedecke Services, Inc.*, 232 Ill. 2d 369, 375 (2008). The most reliable indicator of legislative intent is the plain meaning of the statutory language. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012

IL 110012, ¶ 56. When the plain language of a statute is clear and unambiguous, a court will not depart from that language by reading into the statute exceptions, limitations, or conditions that conflict with the legislature's expressed intent. *MidAmerica Bank, FSB v. Charter One Bank, FSB*, 232 Ill. 2d 560, 565-66 (2009).

¶ 13 The two-year statute of limitations in section 13-214.3(b) of the Code provides that it applies to claims "against an attorney arising out of an act or omission in the performance of professional services." 735 ILCS 5/13-214.3(b) (West 2010). As there is no language in the statute restricting its application to legal malpractice claims or claims brought by an attorney's client, the plain language of the statute directs that the two-year limitation applies to all claims against an attorney arising out of acts or omissions in the performance of professional services, and not just legal malpractice claims or claims brought against an attorney by a client. Had the legislature intended to restrict the applicability of the statute of limitations to malpractice claims, it could have explicitly done so in the text of the statute as it did when it prohibited the recovery of punitive damages in legal malpractice cases (735 ILCS 5/2-1115 (West 2010)), but chose not to do so in this instance.

¶ 14 Plaintiff alleged that HMB aided and abetted Gouletas and Cadden in breaching their fiduciary duties by advising them on ways to divert the option to acquire the parking garage from plaintiff to River City Parking and negotiating, drafting, reviewing, and preparing the documents necessary to complete that goal. As such, plaintiff's claim is based on the assertion that HMB assisted Gouletas and Cadden in breaching their fiduciary duties to plaintiff through its provision of legal services to them and the two-year statute of limitations in section 13-214.3(b) applies to plaintiff's claim. As plaintiff did not file its claim against HMB within that two-year limitation, we conclude that the circuit court did not err by dismissing the claim.

¶ 15 In reaching this conclusion, we have considered *Ganci v. Blauvelt*, 294 Ill. App. 3d 508, 515 (1998), in which the circuit court dismissed the plaintiff's complaint for contribution against the defendant, an attorney, as untimely pursuant to section 13-214.3(b) and an appellate court in the Fourth District reversed that dismissal, holding that the statute of limitations did not apply because the plaintiff's claim was not an action for legal malpractice. While the court stated that a claim arising from an attorney's acts or omissions in the performance of professional services is, "in common jargon, an act of malpractice," the court did not provide any explanation as to how it reached that determination (*Ganci*, 294 Ill. App. 3d at 515), and we do not find that decision to be persuasive in light of the statute's plain language to the contrary. Rather, we agree with the reasoning in *Polsky v. BDO Seidman*, 293 Ill. App. 3d 414, 424 (1997), in which a court in the Second District held that the similarly worded two-year statute of limitations for a claim arising from an accountant's "act or omission in the performance of professional services" (735 ILCS 5/13-214.2(a) (West 1996)) was not limited to malpractice actions because the plain language of that statute contained no such limitation. While the two-year statute of limitations in section 13-214.3(b) undoubtedly applies to legal malpractice claims, its application is not restricted to those claims by the plain language of the statute.

¶ 16          CONCLUSION

¶ 17   Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 18   Affirmed.