2019 IL App (1st) 181898-U
No. 1-18-1898
November 25, 2019

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BRUCE BREITWEISER, not individually, but as the duly court appointed Receiver on Behalf of ANDERSON WILKINS LOWE LIFE INSURANCE BROKERS, INC., and NYLE ANDERSON, shareholder of ANDERSON WILKINS LOWE LIFE INSURANCE BROKERS, INC., | ) ) ) ) ) ) ) | Appeal from the Circuit Court Of Cook County. |
| | ) | |
| Plaintiffs-Appellants, | ) | No. 16 L 1526 |
| | ) | |
| v. | ) ) | The Honorable James E. Snyder, |
| HIGHLAND CAPITAL BROKERAGE, INC., THOMAS VILARDO, KRIS HOFFMAN, JILL HAYES and TAMRA BARAJAS, | ) ) ) ) ) | Judge Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Griffin and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In a dispute between partners over commissions for the sale of insurance policies, we find that the two-year statute of limitations for actions against insurance producers barred

the plaintiffs' claim against an insurance broker for aiding and abetting the plaintiffs' partner's breach of fiduciary duties.

¶ 2    A dispute arose between Nyle Anderson and Frank Nelsen, the two owners of an insurance agency named Anderson-Wilkins-Lowe Life Insurance Brokers, Inc. (AWL). In 2016, Anderson and AWL filed a complaint charging Thomas Vilardo with aiding and abetting Nelsen's breaches of fiduciary duties. The trial court entered a judgment in favor of Vilardo following a bench trial. In this appeal, we find that the applicable statute of limitations barred the complaint because there was no evidence that Vilardo aided Nelson in any breach after February 2014. Accordingly, we affirm the judgment in favor of Vilardo.

¶ 3                                    I.  BACKGROUND

¶ 4    Anderson and Nelsen each owned 50% of the shares of AWL. Vilardo worked for Highland Capital Brokerage (HCB), which operated as an intermediary between insurance producers (like AWL) and insurance carriers. Vilardo helped AWL find insurance policies for its customers.

¶ 5    In May 2010, Anderson filed a complaint against Nelsen in Whiteside County, Illinois, seeking an accounting for AWL. Nelsen filed a complaint against Anderson, also in Whiteside County. In 2011, Anderson amended his complaint to allege that Nelsen breached his fiduciary duties to AWL and Anderson by directing insurance carriers to send commission payments to Nelsen and not to AWL. Anderson and Nelsen agreed for Whiteside County court to appoint a receiver to manage AWL during their litigation. In July 2012, the Whiteside County court appointed Bruce Breitweiser to serve as receiver.

¶ 6    In January 2016, Breitweiser, as receiver, joined Anderson in the lawsuit against Nelsen. Breitweiser and Anderson claimed, in an amended complaint, that Nelsen breached his fiduciary duties  to AWL by "[d]irecting general agents and insurance companies to make AWL commission payments to Nelsen individually and not to AWL," by "[d]iverting AWL corporate funds to [a] secret account or to his personal accounts," and by  "[o]perating a competing insurance business."  The following month, February 2016, Breitweiser and Anderson filed the complaint that initiated the lawsuit now before us, naming as defendants HCB, Vilardo, Kris Hoffman, and Jill Hayes.  Both Hoffman and Hayes, like Vilardo, worked for HCB.  Breitweiser and Anderson alleged that HCB and the named employees

"substantially assisted Nelsen's repeated breaches of his fiduciary duties by *** listing Nelsen's business office as one of HCB's office addresses on applications to insurance companies[;] *** wiring instructions to remit funds from insurance companies directly to Nelsen, rather than to AWL ***[;] directing commissions to be paid to Nelsen as an individual even though HCB, Vilardo, Hoffmann, [and] Hayes *** were fully aware that all commissions are the property of AWL; and instructing the insurance and Life Settlement companies to mail AWL commission checks, making them payable to Nelsen, and instructed that the checks be mailed to several different addresses including but not limited to Nelsen's home address, [and] HCB's downtown Chicago address."

¶ 7    According to the complaint, the defendants' assistance caused AWL "to suffer damages in the form of lost and diverted monies."

¶ 8        HCB filed a motion for summary judgment arguing that the two year statute of limitations barred the cause of action. Vilardo, Hoffman, and Hayes filed a separate motion for summary judgment on the same basis. In their response, Breitweiser and Anderson pointed to emails from March 2014 in which employees of HCB not including Vilardo, discussed Nelsen's introduction of a prospective client to HCB. Vilardo admitted that in 2013 he sent several emails concerning Nelsen's commissions. The emails mentioned measures to ensure commissions go to Nelsen and not to AWL. Vilardo left HCB in April 2014.

¶ 9        The trial court denied both HCB's and its employees' motions for summary judgment. Breitweiser and Anderson settled their claims against HCB, the trial court entered a judgment in favor of Hayes, then Breitweiser and Anderson dismissed their claims against Hoffman. Only the claims against Vilardo remained for trial.

¶ 10        The trial court struck Breitweiser and Anderson's jury demand, holding they had no right to a jury on a cause of action for aiding and abetting a breach of fiduciary duties. Breitweiser and Anderson filed a motion to amend their complaint. In the proposed amended complaint, they attempted to state a cause of action against Vilardo for aiding and abetting fraud. The trial court denied the motion for leave to amend the complaint. The case then proceeded to a bench trial.

¶ 11        Breitweiser and Anderson presented evidence that Vilardo helped Nelsen obtain commissions directly from insurance carriers so that AWL would not receive, or even learn about, the commissions. Breitweiser and Anderson produced emails Vilardo sent about the commissions from 2010 through 2013, while Nelsen remained a shareholder of AWL. The trial court ruled, "it has not been proved, by a preponderance of the evidence, the existence of

4

a duty or its breach." The court entered judgment in favor of Vilardo. Breitweiser and Anderson now appeal.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, Breitweiser and Anderson argue: (1) the evidence does not support the finding in favor of Vilardo; (2) the court erred by striking the jury demand; and (3) the court erred by denying the motion for leave to file the amended complaint. Vilardo argues this court should affirm the judgment because the statute of limitations barred Breitweiser and Anderson's claim. In ruling on Vilardo's motion for summary judgment, the trial court did not err in finding there were issues of material fact as to when the aided and abetting occurred. After trial, the court ruled in favor of Vilardo, and we find that the court's judgment is supported by the evidence because Breitweiser and Anderson provided no proof that Vilardo aided Nelson after February 2014 (2 years prior to the filing of their complaint).

¶ 14    Section 13-214.4 of the Code of Civil Procedure provides:

> "All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues." 735 ILCS 5/13-214.4 (West 2016).

¶ 15    Breitweiser and Anderson do not contest Vilardo's assertion that he qualifies as "an insurance producer, registered firm, or limited insurance representative." 735 ILCS 5/13-214.4 (West 2016). They contend that their claim against Vilardo for aiding and abetting a breach

of fiduciary duties does not "concern[] the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance." 735 ILCS 5/13-214.4 (West 2016). They argue that the court should construe the statute narrowly, limiting its application to "the context of a denial of coverage or failure to procure [insurance]."

¶ 16     The appellate court in *Indiana Insurance Co. v. Machon & Machon, Inc.*, 324 Ill. App. 3d 300 (2001), rejected a similar proposed interpretation of section 13-214.4. The court held:

> "The statute as written is unequivocal and subject to only one reasonable interpretation: that *all* causes of action brought by *any* person or entity under *any* theory against an insurance producer shall be brought within two years of the date the cause of action accrues." (Emphasis in original.) *Indiana Insurance*, 324 Ill. App. 3d at 303.

¶ 17     The *Indiana Insurance* court's broad interpretation of section 13-214.4 echoes the broad interpretation given to section 13-214.3, which sets the limitations period for claims against attorneys arising out of the performance of professional services. In *800 South Wells Commercial, LLC v. Horwood Marcus & Berk Chartered*, 2013 IL App (1st) 123660, ¶ 13, the court held:

> "As there is no language in the statute restricting its application to legal malpractice claims or claims brought by an attorney's client, the plain language of the statute directs that the two-year limitation applies to all claims against an attorney arising out of acts or omissions in the performance of professional services, and not just legal malpractice claims or claims brought against an attorney by a client. Had the legislature intended to restrict the applicability of the

statute of limitations to malpractice claims, it could have explicitly done so in the text of the statute."

¶ 18    The legislature made section 13-214.4 broadly applicable to any claim against an insurance producer "concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance." 735 ILCS 5/13-214.4 (West 2016). Breitweiser and Anderson's claim against Vilardo concerns the payment of commissions for the sale of a large number of insurance policies. We find the two-year limitations period of section 13-214.4 applies to the claims at issue here. 735 ILCS 5/13-214.4 (West 2016).

¶ 19    Usually, "the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another." *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 169 (1981). Breitweiser and Anderson filed their initial complaint against Vilardo in February 2016. Anderson and AWL sued Nelsen for breach of fiduciary duties in 2011. Breitweiser and Anderson contend that the continuing tort rule applies here and makes their complaint timely.

¶ 20    When a plaintiff has sufficiently alleged a continuing series of tortious acts, "the termination of the conduct provides the most sensible place to begin the running of the prescriptive period." *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731 (2001), *quoted in Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 282 (2003).

¶ 21    The decision in *Kidney Cancer Ass'n v. North Shore Community Bank & Trust Co.*, 373 Ill. App. 3d 396 (2007), guides our resolution. In *Kidney Cancer*, the plaintiff alleged that the defendant bank permitted the plaintiff's director, Dixon, to set up an account into which Dixon deposited checks intended for the plaintiff. The plaintiff alleged that Dixon withdrew funds

from the account for his personal use. The trial court dismissed the complaint as untimely. On appeal, the plaintiff argued that the continuing tort rule made the complaint timely. The *Kidney Cancer* court held that "the continuing violation rule does not apply to a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing." *Kidney Cancer*, 373 Ill. App. 3d at 405, *quoting Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 443 (7th Cir. 2005). The court distinguished *Feltmeier* and *Cunningham v. Huffman*, 154 Ill. 2d 398 (1993):

> " 'Unlike a cause of action for medical malpractice based on a course of negligent treatment with cumulative effects, or a cause of action for the intentional infliction of emotional distress arising from a course of tortious acts considered as a whole, [the plaintiff's] claim for conversion does not depend on the cumulative nature of either [defendant's] acts. Rather, a cause of action for conversion arose each time [a defendant] cashed or deposited one of the checks she had embezzled. \*\*\* ' *Rodrigue*, 406 F.3d at 443.
>
> \*\*\*
>
> \*\*\* While the complaint here alleged a serial conversion of negotiable instruments by Dixon, it cannot be denied that a single unauthorized deposit of a donor's check in the account opened by Dixon in 1997 gave the [plaintiff] the right to file a conversion action. \*\*\* Where, as here, each discrete act by Dixon of wrongfully depositing a donor's check into the account provided a basis for a cause of action, we need not look to 'the defendant's conduct as a continuous whole for prescriptive purposes.' *Feltmeier*, 207 Ill. 2d at 279. That the

conversions spanned a period of five years is irrelevant as 'nothing about the repeated or ongoing nature of [Dixon's] conduct affected the nature or validity of [the plaintiff's] suit.' See *Rodrigue*, 406 F.3d at 443." *Kidney Cancer*, 373 Ill. App. 3d at 405.

¶ 22 We find the reasoning of *Kidney Cancer* applicable here. Each commission payment Nelsen improperly received gave AWL and Anderson a cause of action for breach of fiduciary duties. Nothing about the ongoing nature of Nelsen's conduct affected the validity of the suit.

¶ 23 Just as the plaintiff in *Kidney Cancer* could have sued the bank for its role in each conversion, AWL, through Breitweiser, and Anderson could have sued Vilardo for aiding and abetting each receipt of a commission in breach of Nelsen's fiduciary duties. The limitations period for all transactions completed before February 2014 expired before Breitweiser and Anderson filed their initial complaint against Vilardo in February 2016.

¶ 24 Breitweiser and Anderson note that for some time Anderson had no access to AWL's financial records due to a ruling by the Whiteside County court in the litigation between Anderson and Nelsen. However, after the appointment of Breitweiser as AWL's receiver, Breitweiser had access to AWL's records. He also knew from Anderson's complaints in the Whiteside litigation that Nelsen might have breached his fiduciary duties to AWL by directing insurance carriers to send commission checks to Nelsen personally. Anderson's temporary lack of access to AWL's records did not cause the limitations period for the claims at issue here to start running any later than the end of 2013.

¶ 25 Although Vilardo continued to work for HCB until April 2014, Breitweiser and Anderson elicited no evidence of any acts by Vilardo that aided Nelsen after 2013 in any way. Emails

9

from 2013 might support a finding that Vilardo aided Nelsen's breaches of fiduciary duties in 2013, but Breitweiser and Anderson have not cited any evidence in the record that Vilardo aided any breach Nelsen committed after February 2014. The limitations period for claims against Vilardo began to run, at the latest, by late 2013, when Nelsen completed transactions Vilardo aided. The two-year limitations period expired in 2015, several months before Breitweiser and Anderson filed their initial complaint against Vilardo. Accordingly, we find that section 13-214.4 of the Code of Civil Procedure bars the claims and we find the trial court's judgment in favor of Vilardo is supported by the evidence. We affirm the judgment of the trial court.

¶ 26    In light of our resolution of the limitations issue, we need not address Vilardo's motion to strike certain portions of Breitweiser and Anderson's brief that bore no relation to the dispositive issue.

¶ 27                                    III. CONCLUSION

¶ 28    Because Breitweiser and Anderson presented no evidence that any acts by Vilardo aided or abetted Nelsen in a breach of fiduciary duties committed after February 2014, the limitations period for the claims against Vilardo expired before Breitweiser and Anderson filed their complaint. We find the cause of action barred by section 13-214.4. Accordingly, we affirm the trial court's judgment.

¶ 29    Affirmed.