2024 IL App (1st) 230090-U

No. 1-23-0090

Order filed January 11, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| In re Application of the COUNTY TREASURER OF COOK COUNTY, Illinois | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Newline Holdings, LLC, Petitioner-Appellant, | ) ) | |
| | ) | 20 COTD 1250 |
| v. | ) ) | Honorable |
| Mogul Properties, Inc., Respondent-Appellee). | ) ) | Maureen Hannon, Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in sustaining amended objections to the amended petition and application for tax deed. In addition, the circuit court did not abuse its discretion in denying the motion for reconsideration.

¶ 2    Petitioner, Newline Holdings, LLC ("Newline"), filed an amended petition and application for a tax deed on a single-family home based on the record owner's failure to redeem delinquent property taxes. The circuit court denied the petition for application of tax deed when it sustained amended objections to the amended petition. Newline argues on appeal that the circuit court erred

in this regard. For the following reasons, we affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4      The subject property is a single-family home located at 9246 S. Lowe Avenue, Chicago, Illinois ("Property"). The record owner of the Property is Mogul Properties Inc. ("Mogul"). Cornelius Norwood is the president and registered agent of Mogul. Two separate Chicago addresses were listed on the Illinois Secretary of State's website for contacting Mogul's registered agent—405 N. Wabash Avenue, unit #3402, and 5720 S. Hoyne.

¶ 5      On May 8, 2018, Newline, who describes itself as "a Cook County property tax purchaser," purchased delinquent taxes on the Property at Cook County's annual tax sale for tax year 2016 and was issued a certificate of purchase. The redemption date for the delinquent taxes was March 10, 2021 and the Cook County Clerk posted this information in its judgment book.

¶ 6      Section 22-10 of the Tax Code requires purchasers of delinquent taxes to send notice to owners, occupants, and parties interested in the property, notifying them that the tax sale occurred, that the statutory redemption period is expiring in three to six months, and that the matter has been set for hearing on a date certain in the circuit court of the county. 35 ILCS 200/22-10 (West 2018). Such notices are personally served by the sheriff. *In re Application of the County Collector*, 225 Ill. 2d 208, 213 (2007). To that end, Newline forwarded its Amended Petition for Tax Deed to the Cook County Sheriff for personal service on Mogul and any occupants of the Property. An individual named A. Fafda was identified as a possible occupant of the Property.

¶ 7      Personal service was attempted on A. Fafda at the Property on two separate occasions, October 20, 2020 and November 20, 2020. The services were unsuccessful due to "no contact."

¶ 8      Section 22-15 of the Tax Code provides that if "upon diligent inquiry and effort" an owner

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

or interested party cannot be found or served with notice in the county, "then the person making the service shall cause a copy of the notice to be sent by registered or certified mail, return receipt requested, to that party at his or her residence, if ascertainable." 35 ILCS 200/ 22-15 (West 2018). Following the unsuccessful personal service, the sheriff failed to send the notice by registered or certified mail, return receipt requested, as required by section 22-15.

¶ 9    The sheriff unsuccessfully attempted to personally serve Mogul, through its registered agent, with the section 22-10 notice at the Wabash address on October 29, 2020 and November 20, 2020. Again, the sheriff did not send notices by registered or certified mail, return receipt requested, as required by section 22-15 of the Tax Code.

¶ 10    Additionally, the sheriff attempted to personally serve Mogul at the Hoyne address on October 22, 2020 and November 20, 2020. At the attempted service in October, the sheriff spoke with an individual who identified himself as the father of Norwood, Mogul's registered agent. According to the sheriff, the father said Norwood had just left the house, but that he would have Norwood contact the sheriff's office. The attempted personal service in November was also unsuccessful. The sheriff subsequently sent notice to the Hoyne address by certified mail, but the mailing occurred outside of the notice serving period.[2]

¶ 11    Pursuant to section 22-20 of the Tax Code (35 ILCS 200/ 22-20 (West 2018)), Newline published notices of the tax sale in the Chicago Sun-Times newspaper on November 30, 2020, and December 1 and 2, 2020.

¶ 12    On March 31, 2021, Newline filed its application in the circuit court seeking an order directing the county clerk to issue a tax deed for the Property. Newline asserted that the extended

---

[2]The notice serving period ran from the date the case was filed (September 28, 2020) to December 10, 2020—the period "not less than 3 months nor more than 6 months prior to the expiration of the period of redemption." 35 ILCS 200/22-10 (West 2018).

period of redemption for the delinquent taxes expired on March 10, 2021, without the property being redeemed.[3]

¶ 13    Newline filed a motion on April 27, 2021, seeking to dismiss A. Fafda and other potential occupants from the lawsuit. In support of the motion, Newline argued that during the applicable notice serving period, the Property was under construction and unoccupied. Mogul countered that although the property was under construction, it was surveilled by security personnel and contractors were frequently on the property. The circuit court denied Newline's motion to dismiss.

¶ 14    Mogul filed amended objections to Newline's amended petition for tax deed on August 3, 2021. Mogul argued that the 22-10 notices were defective because the unsuccessful attempts at personal service were not followed with service by registered or certified mail, return receipt requested, as required by section 22-15 of the Tax Code.

¶ 15    In a written order entered on September 20, 2021, the circuit court sustained Mogul's amended objections and denied Newline's application and amended petition for a tax deed. The order did not state the court's reasoning for its decision. Newline filed a motion to reconsider.

¶ 16    While the motion to reconsider was pending, Newline filed a motion pursuant to section 21-310(a)(5) of the Tax Code (35 ILCS 200/21-310(a)(5) (West 2018)), requesting the circuit court declare a sale in error, and order a refund of the purchase price—with interest. In the motion, Newline contended that Mogul, along with potential occupants of the property, including A. Fafda, were all interested parties who were not personally served during the applicable notice serving period. Newline conceded that after the sheriff was unable to serve Mogul and A. Fafda with the requisite notices, the sheriff erred by "failing to send certified mail or by sending certified mail outside the notice period." Newline added that the sheriff "made an error by failing to execute the

_____

[3]The notice serving period expired on December 10, 2020, and the last day to redeem the tax sale was March 10, 2021.

request of [Newline] to serve notice on parties believed to have an interest in the property."

¶ 17    For reasons not apparent from the record, Newline subsequently filed a motion to withdraw its motion for sale in error, which was granted on April 28, 2022. Thereafter, in ruling on Newline's pending motion for reconsideration, the circuit court noted that although Newline's motion for sale in error had been withdrawn, there was no indication that the allegations in the motion "were untrue or improper." The circuit court stated in part:

"Noteworthy is the fact that Newline filed a motion for sale in error in April of 2022 requesting a refund with interest in which it affirmatively stated that A. Fafda, Mogul Properties; and Occupants were all interested parties and that they were not personally served, and that the Sheriff failed to serve certified mail in accordance with 22-15. Although the motion was withdrawn, there is no indication that the allegations were untrue or improper."

¶ 18    This appeal timely followed.

¶ 19                                    II. ANALYSIS

¶ 20    At the outset, we note that Mogul has not filed an appellee's brief in this case. We have taken this appeal on appellant's brief alone. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Newline contends that the circuit court erred in sustaining Mogul's amended objections to its amended petition and application for tax deed, arguing that the court's decision was based on assumptions of fact, which had no evidentiary support.

¶ 21    Specifically, Newline argues that during the applicable notice serving period, the Property was under construction and unoccupied, and therefore the circuit court erred in finding that Newline was required to personally serve occupants of the Property with the section 22-notices,

"where no evidence of occupancy was presented." Newline further argues the circuit court erred in finding Mogul was not given proper notice as required by section 22-15 of the Tax Code by substitute service, when the sheriff served the individual claiming to be Norwood's father at the Hoyne address. Newline maintains that it presented evidence as to both lack of occupancy in the Property and good service on Mogul.

¶ 22    We do not reach these issues, as the record is insufficient to allow for meaningful review of the alleged errors. There is no transcript or report of proceedings regarding the hearing that resulted in the circuit court's decision to sustain Mogul's amended objections to Newline's amended petition and application for tax deed. At the hearing on the motion to reconsider, the circuit court stated:

> "There was no court reporter during the hearing. A year after the fact, the Court does not remember the details or which positions were conceded during oral argument. Neither the parties, nor the court specified the exact basis of the denial for tax deed in the September 20, 2021 Order."

¶ 23    The record does not contain a transcript or relevant report of the proceedings setting forth the circuit court's reasoning for ruling as it did. The record contains no bystander's report or agreed-upon statement of facts describing what occurred at the relevant hearing. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). Moreover, the circuit court's written order of September 20, 2021, sustaining Mogul's amended objections and denying Newline's application and amended petition for a tax deed, does not specify the court's reasoning for its decision.

¶ 24    It is the appellant's duty to provide the reviewing court with a sufficiently complete record of the lower court proceedings to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such a record, the reviewing court will presume that the circuit

court's order was in conformity with the law and had a sufficient factual basis. *Id.* "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 25 Applying these principles to the instant case, without a transcript or report of the relevant proceedings, this court has no way of knowing what rationale the circuit court relied upon to deny Newline's application and amended petition for a tax deed. As a result, we must presume that the circuit court acted in conformity with the law and ruled properly after considering the evidence before it. See *Foutch*, 99 Ill. 2d at 391-92. Therefore, this court cannot review the alleged errors to determine whether the circuit court's "factual findings were against the manifest weight of the evidence, or consider the legal effect of its factual findings." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005).

¶ 26 Finally, Newline argues that the circuit court erred in denying the motion to reconsider when it denied the motion without conducting an evidentiary hearing to determine whether there were any occupants on the Property who required service of notice and whether there was proper service of notice on all interested parties. A circuit court's decision to hold an evidentiary hearing is discretionary and will not be disturbed on appeal absent an abuse of that discretion. *Forest Preserve District of Cook County v. Chicago Title & Trust Co.*, 2015 IL App (1st) 131925, ¶¶ 85-86. An abuse of discretion occurs only when the circuit court's ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the court. *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 27 Given the purpose of a motion for reconsideration, we do not find that the circuit court abused its discretion in declining to hold an evidentiary hearing prior to ruling on the motion. "The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the original hearing, changes in existing law, or errors in the

7

court's application of the law." *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. Here, the evidence and arguments Newline sought to present at an evidentiary hearing were not newly discovered since they were previously raised in Newline's response to Mogul's amended objections to the amended petition and application for tax deed.

¶ 28    Newline's motion for reconsideration presented no newly discovered evidence or arguments, no changes in existing law, and no errors in the circuit court's application of existing law. Therefore, we find no abuse of discretion in the circuit court's decision to decline holding an evidentiary hearing prior to ruling on Newline's motion for reconsideration.

¶ 29                                III. CONCLUSION

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 31    Affirmed.